RECEIVED
JUL -3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| LEVERT-ST. JOHN, INC. | CIVIL ACTION NO. 06-1023 |
|---|---|
| VERSUS | JUDGE DOHERTY |
| HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

The defendant named in the caption, Hartford Steam Boiler Inspection & Insurance Company, has removed this action from the Sixteenth Judicial District Court for the Parish of St. Martin, State of Louisiana. The removal notice purports to apply only to a third-party claim asserted by one of the defendants against its insurer seeking coverage for the state court plaintiff's claims. In accordance with the obligation to maintain vigilance in enforcing its jurisdictional limits, this Court has closely reviewed the removal notice filed on behalf of Hartford. For the following reasons, this matter will be remanded immediately.

According to the Notice of Removal of Severed Claim, the underlying state court action is an asbestos-derived personal injury action asserted on behalf of Elvist J. Tabor, Sr. and Doris G. Tabor against a very long list of defendants. In that action, one of the named defendants, Levert-St. John, Inc. [a corporation with its principal place of business in the State of Louisiana, according to the Notice of Removal], has filed a Third Party Claim against its insurer, Hartford (the defendant herein) for the purpose of obtaining insurance coverage for the claims asserted by the Tabors. Hartford successfully motioned the court for severance of Levert-St. John's third party claim against Hartford. In response to Hartford's motion, the court entered the following order: "IT IS HEREBY

ORDERED that Levert-St. John Inc's third-party demand against Hartford Steam Boiler & Inspection Company be severed from the main demand for trial purposes only and tried separately from all other claims in the captioned proceeding."[1] The order severing the Levert-St. John/Hartford claim did not dismiss that claim from the Tabor action, nor did the Levert-St.John/Hartford claim become a part of a separate "civil action." According to the information contained in the Notice of Removal of Severed Claim, and the documents submitted in support thereof, the Levert-St.John/Hartford claim remains a part of the underlying state court action, however, will not be tried along with the remainder of the action.

Implicit in what the removing defendant has attempted to do (*i.e.* the purported removal of only a third party claim, rather than the entire action) is the inference that less-than-all of a civil action may be removed from state court. Specifically, the removing defendant assumes that it can carve out of the state court litigation that claim which fits the definition of diversity found in the federal jurisdictional statutes and remove only the claim which fits that definition. Because the removal is based upon a misperception [to which this Court will refer as the "partial-removal concept"] as to the nature of both removal and removal jurisdiction, this Court will identify, more precisely, what was removed from state court and, thus, what is now pending before this Court.

In analyzing the effect of the Notice of Removal, this Court must begin with the language of the removal statute itself. Specifically, the federal removal statute authorizes the removal of a "civil action brought in a state court."[2] While the statute does not define the term "civil action," it is this Court's understanding that the term "civil action" refers to the entirety of a litigation, in which

---

[1] Notice of Removal, Exhibit D.

[2] 28 U.S.C. § 1441(a).

any number of different claims may be asserted by the various parties thereto. This understanding is informed, in part, by the legal dictionary, which defines "action," in pertinent part, as "a civil or criminal judicial proceeding."[3] While this Court's review of Fifth Circuit and United States Supreme Court jurisprudence seeking guidance as to the definition of "civil action" as used in the removal statute did not yield substantial information, Wright and Miller have declared that a judge-made prohibition against removing only a portion of an action has been in place for over a century (a fact which sheds light on the absence of relevant jurisprudence):

> There is, however, a sensible judge-made limitation stemming from the civil-action requirement that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim. This restriction, which has been applied in numerous cases for over a century, is premised on the notion that it would be wasteful to have a satellite element of the case pending in federal court when the principal claim is being litigated in state court.

14B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION § 3721(3d ed. 2005). Thus, this Court's independent research has reinforced the proposition that removal of only selected claims from a state court action is not permitted, and has yielded no support for the defendant's theory of partial removal.

The partial-removal concept is in substantial conflict with many time-honored and well-settled judicial tenets of removal; it could not possibly be given effect without fleshing out those conflicts and reconciling them. For instance, the defendant has not explained why it believes the term "civil action," as used in the removal statute, has the same meaning as does the term "claim," (so as to permit the removal of a third party claim, without the rest of the action), nor why Congress used the former term if it intended the latter. Additionally, the concept of partial removal would

---

[3] BLACK'S LAW DICTIONARY, Eighth Edition, at 31 (2004).

permit pick-and-choose removal of only certain parties' claims and, therefore, would have the effect of eliminating the longstanding statutory and jurisprudential requirement that diversity jurisdiction be premised upon *complete* diversity among the parties; the abrogation of this requirement certainly would have to be addressed directly. As a third example, the removing party's theory of removal could not possibly be accepted without an explanation as to the source of, and justification for, the removal process granting to a defendant the authority to rearrange litigation to reflect its preferences by carving it up into howsoever many separate cases it prefers to have proceeding in different courts simultaneously. This list of conflicts is not intended to be exhaustive, but merely illustrative of the monumental incompatibility between the partial-removal concept and the well-settled, longstanding judicial theory of removal.

No effort to reconcile the aforementioned conflicts has been made by Hartford in its Notice of Removal, and this Court's independent research has yielded no support for the partial-removal concept. The statutory provisions which authorize removal – which reflect Congress' intentions with regard to the proper scope of removal – do not justify partial removal. In light of the use of the term "civil action" in the removal statute, and of this Court's understanding of the term "action" as comprising the entirety of a case, and of the longstanding prohibition against removing only hand-picked claims from state court to federal, and as the removing defendant has made no attempt to reconcile its theory of partial removal with the well-settled judicial tenets with which it is in conflict, this Court finds that the defendant's attempt at a partial removal is contrary to both the law and the theory of removal. The legal effect of the removal herein was to remove the entirety of the Tabor action from state court. Thus, the proper analysis of whether this Court has subject matter jurisdiction over this case must be made on the basis of the entirety of the action as it existed at the

time the Notice of Removal was filed.

Having established the parameters of the action as it exists in this Court, the jurisdictional question becomes clear. Hartford has removed this action on the basis of diversity jurisdiction. "A removing party bears the burden of demonstrating that jurisdiction properly exists over the removed action." Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." Id. Specifically, a removing defendant must prove the matter in controversy exceeds the value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The pleadings submitted by Hartford in support of its removal clearly indicate that the plaintiff herein, Levert-St.John, Inc., is considered, as are the plaintiffs below, to be a citizen of Louisiana. Complete diversity manifestly does not exist here. Therefore, and based upon a review of the Notice of Removal, it is clear that this Court does not have jurisdiction over this action.

For the foregoing reasons, this matter will be remanded to the Sixteenth Judicial District Court for the Parish of Lafayette, State of Louisiana.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 30 day of June, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE